IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICA CARDENAS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BIZ ADVANCE NOW INC.**, a New York registered corporation, and **OXFORD FUNDING SOURCE INC.**, a New York registered corporation,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Erica Cardenas ("Plaintiff Cardenas" or "Cardenas") brings this Class Action Complaint and Demand for Jury Trial against Defendant Biz Advance Now Inc. ("Defendant Biz Advance Now" or "Biz Advance Now") and Defendant Oxford Funding Source Inc. ("Defendant Oxford Funding Source" or "Oxford Funding Source") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls and text messages to consumers without consent including calls and texts to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Cardenas, for this Complaint, alleges as follows upon personal knowledge

1

as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Cardenas is a resident of Chula Vista, California.

2. Defendant Biz Advance Now is a corporation registered in New York with its headquarters located in Brooklyn, New York. Defendant Biz Advance Now conducts business throughout this District and throughout the US, including California.

3. Defendant Oxford Funding Source is a corporation registered in New York with its headquarters located in Brooklyn, New York. Defendant Oxford Funding Source conducts business throughout this District and throughout the US, including California.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because the Defendants are headquartered in this District and place telemarketing calls and text messages to consumers from this District.

2

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants are headquartered in this District.

## INTRODUCTION

7. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 4.7 billion robocalls were placed in January 2025 alone, at a rate of 152.9 million per day. www.robocallindex.com (last visited February 9, 2025).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Upon information and belief, Defendants Biz Advance Now and Oxford Funding Source are not separate and independent businesses but rather are part of a coordinated scheme designed to shield Biz Advance Now from liability while continuing to engage in unlawful telemarketing practices.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

16. Biz Advance Now created Oxford Funding Source as a lead-generation front to channel telemarketing efforts away from its main brand, which has accumulated substantial negative consumer complaints.

17. Biz Advance Now openly admits that it operates using the d/b/a Oxford Funding Source:



[3]

18. The phone number for Biz Advance Now is the same as the phone number for Oxford Funding Source:

---

[3] https://www.oxfordfinance.org/application

**Contact Information**

New York, New York

**Phone:** (212) 531-6262
**Fax:** (888) 451-8181

info@oxfordfundingsource.com
http://oxfordfundingsource.com [4]

Page · Financial service

New York, NY, United States, New York

(212) 531-6262

Info@BizAdvanceNow.com

bizadvancenow.com [5]

19. Though OxfordFundingSource.com seems to be the main website for Defendant Oxford Funding Source, there also appears another Oxford website OxfordAdvance.org which carries the same Oxford logo. When a user clicks on the "No Cost" or "Flexibile Terms" on OxfordAdvance.org the URL automatically forwards to BizAdvanceNow.com's website.

20. Upon information and belief, Biz Advance Now operates and registered Oxford Funding Source as a registered corporation to avoid being held accountable for its unlawful telemarketing practices that will be detailed below.

21. The Defendants provide funding solutions to businesses throughout the US.

22. Oxford Funding Source places calls and text messages on behalf of Biz Advance Now to consumer phone numbers like the Plaintiff in this case who does not own a business.

---

[4] https://oxfordfundingsource.com/contact/
[5] https://www.facebook.com/BizzAdvanceNow/

23. There are a number of complaints posted online about unsolicited calls from Biz Advance Now.,

24. Biz Advance Now has accumulated a significant number of consumer complaints regarding unsolicited telemarketing calls.

25. The creation of Oxford Funding Source allowed Biz Advance Now to continue its aggressive lead-generation tactics while deflecting liability onto a seemingly independent entity.

26. Given the overwhelming evidence that Oxford Funding Source is merely an extension of Biz Advance Now, Biz Advance Now is directly liable for the unlawful telemarketing activities carried out in Oxford's name.

27. Under the TCPA, a company cannot evade liability by creating a secondary entity to engage in the same illegal conduct that the original entity is trying to avoid liability for. Biz Advance Now knowingly orchestrated a scheme to continue engaging in illegal telemarketing under a different name.

28. In response to these unsolicited calls and text messages, Plaintiff Cardenas brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF CARDENAS'S ALLEGATIONS

29. Plaintiff Cardenas is the sole owner and user of her cell phone number ending in 5615.

30. Plaintiff Cardenas has owned her cell phone number for over 10 years.

31. Plaintiff Cardenas registered her cell phone number on the DNC on November 9, 2023.

32. Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home.

33. Plaintiff Cardenas uses her cell phone primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household purposes.

34. Plaintiff Cardenas does not have a landline in her home.

35. Plaintiff Cardenas' cell phone plan is paid for by Plaintiff herself. It is not reimbursed by a business.

36. Plaintiff Cardenas pays for a Go Unlimited Verizon plan for her cell phone number.

37. Go Unlimited is a plan for individuals or families that offers unlimited data, calling and texting.

38. Plaintiff Cardenas has never had her cell phone number associated with a business.

8

39. This phone number is not used in any business or marketing materials.

40. On November 12, 2024 at 8:13 AM, Plaintiff Cardenas received an unsolicited text message to her cell phone from 754-354-9554:



41. The text message is directed to Eric Thompson, the previous owner of Plaintiff's cell phone number, though Plaintiff has had her cell phone for over 10 years already.

42. Plaintiff Cardenas does not personally know Eric Thompson and has never been in contact with him.

43. The text message states that it was sent by Oxford.

44. When 754-354-9554 is texted, an employee identifies the company name Oxford Funding Source.[6]

---

[6] Based on an investigation conducted by Plaintiff's attorneys.

45. On November 21, 2024 at 3:29 PM, Plaintiff Cardenas received a 2nd unsolicited text message to her cell phone from 754-354-9554:

> Thu, Nov 21 at 3:29 PM
>
> Hey Eric, Its Alex we have the offer below for you as a 1st credit line
> Offer Amount: 85,000
> Payback:102,000, 60 Payments of 1,700 a week
>
> Reply STOP to unsubscribe

46. On December 9, 2024 at 2:33 PM, Plaintiff Cardenas received an unsolicited call to her cell phone from 978-267-9935.

47. When Plaintiff Cardenas answered this call, an employee said that they were calling from Oxford Finance to offer business capital funding.

48. Plaintiff Cardenas told the employee that they were calling the wrong phone number and that her cell number is registered on the DNC. The call was then ended.

49. Plaintiff Cardenas has never done business with Biz Advance Now or any of its affiliated entities including Oxford Funding Source.

50. The unauthorized solicitation calls and text messages that Plaintiff received from the Defendants have harmed Plaintiff Cardenas in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

51. Seeking redress for these injuries, Plaintiff Cardenas, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

52. Plaintiff Cardenas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendants called and/or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason the Defendants called and/or texted Plaintiff.

53. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Cardenas anticipates the need to amend the Class definition following appropriate discovery.

11

54. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

55. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendants' conduct violated the TCPA;

(b) Whether Defendant placed multiple calls and/or text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call/text;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

56. **Adequate Representation**: Plaintiff Cardenas will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Cardenas has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Cardenas and her counsel are committed to vigorously prosecuting

this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Cardenas nor her counsel have any interest adverse to the Class.

57.     **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Cardenas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Cardenas and the Do Not Registry Class)

58. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. The Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Cardenas and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the

14

federal government.

62. The Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff Cardenas and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

63. As a result of Defendants' conduct as alleged herein, Plaintiff Cardenas and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

64. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cardenas requests a jury trial.

DATED this 28th day of April, 2025.

        **ERICA CARDENAS**, individually and on behalf of all others similarly situated,

        By: /s/ Stefan Coleman
        Stefan Coleman
        law@stefancoleman.com
        COLEMAN PLLC
        11 Broadway, Suite 615
        New York, NY 10001
        Telephone: (877) 333-9427

        Avi R. Kaufman*
        kaufman@kaufmanpa.com
        KAUFMAN P.A.

        237 South Dixie Highway, Floor 4
        Coral Gables, FL 33133
        Telephone: (305) 469-5881
        *Pro hac vice motion forthcoming*

        *Attorneys for Plaintiff and the putative Class*